SOKOLOVE, J.,
Classical Optical Laboratories Inc., an Ohio corporation which owns, maintains and operates Roosevelt Memorial Park Cemetery, filed exceptions to our adjudication of October 25, 1988. In that adjudication, we entered a decree nisi which denied the petition of the exceptant to disinter the cremated remains of two individuals, which mistakenly had been buried in the wrong lots in the cemetery, and to reinter the remains in the correct lots. Instead, we decreed that the remains were to be left in place and that two unused burial sites owned by the decedents’ family, the Cooper family, were to be transferred to the owners of the incorrectly occupied sites, the Scheinfield-Schmuckler family.
We based our decision upon the scant Pennsylvania law in this area and our sincere endeavor to achieve a fair and equitable solution. We concluded that the law, which was somewhat dated and not precisely on point, required a showing of reasonable cause for reinterment to overcome the general presumption against removal of a previously buried body. See Pettigrew v, Pettigrew, 207 Pa. 313, 56 Atl. 878 (1907); Novelli v. Carroll, 278 Pa. Super. 141, 420 A.2d 469 (1980). The case had been presented to us on brief, stipulated facts, which we found were not sufficient to prove reasonable cause for the disturbance of the remains. In particular, we were struck by the lack of any reason by the cemetery or the Scheinfield-Schmuckler family as to why alternative solutions proposed by the Cooper family, including the transfer of plots we ultimately *154 ordered, were unacceptable to them. We also refused to apply the provisions of the Cemetery Companies-Errors in Burials Act, 9 Pa.C.S. §54, imposing a duty upon cemetery companies to disinter and reinter bodies they discover to be buried in the wrong lots, to this case. The act was not effective until September 11, 1987, some two years after the error in this matter was discovered and several months after the filing of the petition here. We found that the act could not be applied retroactively in this instance.
After our receipt of memoranda of law, the presentation of oral argument and our review and reanalysis of our adjudication, we have reconsidered our position. We will enter a final decree granting the petition for reinterment.
Exceptant improperly attempted to supplement the evidentiary record before us by attaching an affidavit of a member of the Scheinfield-Schmuckler family, Susan Scheinfield Sandler, to its brief in support of its exceptions. This action was totally inappropriate, and we wish to emphasize that we have disregarded this new “evidence,” and it and the arguments relying upon it have had no impact upon the modification of our decision. If exceptant, upon realizing that the stipulated record was incomplete, wished to introduce further evidence, it should have filed a petition for rehearing. Even apart from the procedural impropriety, an affidavit is not admissible evidence. The witness whose affidavit was offered was not available for cross-examination. Worse yet, the affidavit presented contains blanket expressions of opinion and of others’ intentions, all without foundation, as well as irrelevant assertions of the effect of this litigation and our adjudication upon the Scheinfield-Schmuckler family. This type of material is unques *155 tionably inadmissible even if proffered in conformity with our rules of procedure and evidence. We do not appreciate such an unauthorized tactic and are not persuaded by it. We also note that exceptant cannot successfully dispute, by way of exceptions to our adjudication, facts to which it clearly stipulated in the record.
In determining the exceptions, we have, however, taken into account a plot plan of the disputed burial sites, which all parties agree was inadvertently omitted from the record and was intended to be an exhibit to the stipulation of the facts. The plot plan indicates that the exchange of lots we directed in the decree nisi would physically separate the lots owned by the Scheinfield-Schmuckler family from each other. This inference is not dispositive by any means, but it does vary our opinion of the equities in this matter and supports our final conclusion. Without the plot plan, we thought that the boundary lines of the lots could be redrawn, as in Tracz v. Blasic, 39 D.&C. 2d 573 (1963), without necessarily creating non-contiguous lots in single ownership.
Our definitive resolution stems from reflection on the Cemetery Companies-Errors in Burials Act, 9 Pa.C.S. §53 et seq., and its impact upon this case. The pertinent section of the act states as follows:
“§54. Duty to disinter and reinter
“In any instance in which a cemetery company is informed or becomes aware that the cemetery company has buried or permitted the burial of a body in the wrong lot, it shall be the duty of the cemetery company to disinter the casket wrongfully buried, identify the casket and reinter it in the proper lot. The cemetery company shall give adequate advance notice of the time or times of the disinterment and reinter it in the proper lot. The cemetery company shall give adequate advance notice of the time or *156 times of the disinterment and reinterment to the nearest known next of kin of the deceased person and the owner or owners of the lot involved if such owner or owners have so requested.” 9 Pa.C.S. §54.
We believe we ruled correctly in not imposing the requirements of the act upon this case retroactively. We also believe that our analysis of the traditional principles of equity in this case, with the exception of the missing plot plan, was correct. Yet, upon reconsideration, we conclude that the Cemetery Companies-Errors in Burials Act is an enunciation of public policy by the legislature, which in the particular circumstances of this case overrides the longstanding equitable and judicial prescripts upon which we relied. We render our final decree in recognition of this policy and in deference to the authority of the legislature to promulgate it.
FINAL DECREE
And now, October 31, 1990, upon consideration of the petition of Classical Optical Laboratories, it is hereby ordered and decreed that the petitioner is authorized, at its own expense, to remove the cremated remains of Nathaniel Cooper and Roslyn Cooper from Lot 9, Section H of the Roosevelt Memorial Park, which is owned by the Scheinfield-Schmuckler family, and to reinter the remains in burial sites owned by the Cooper family in Lot 8, Section H of Roosevelt Memorial Park. All interested parties shall be notified of the time or times of disinterment and reinterment.